IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  HAROLD TAFT WRIGHT, | ) | |
| | ) | |
| And | ) | CIV 22-326-GLJ |
| | ) | |
| 2.  PAUL WRIGHT, | ) | JURY TRIAL DEMANDED |
| | ) | ATTORNEY LIEN CLAIMED |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1. WATERBRIDGE RESOURCES | ) | |
| a/k/a WATERBRIDGE | ) | |
| MANAGEMENT CO. and | ) | |
| WATERBRIDGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**COME NOW** the Plaintiffs, Harold Taft Wright and Paul Wright, and hereby plead their claims as follows:

## PARTIES

1. The Plaintiffs are adult residents of Pittsburg County, Oklahoma.

2. The Defendant is Waterbridge Resources, a/k/a Waterbridge Management Co., a foreign for-profit company doing business in Pittsburg County, Oklahoma.

## JURISDICTION AND VENUE

3. The Plaintiffs assert claims for:

    A. Plaintiff Harold Taft Wright asserts claims for:

1

      i.    race discrimination (including termination on the basis of race, creation of a hostile working environment and retaliation after Plaintiff opposed race discrimination) in violation of 42 U.S.C. § 1981.[1]

  B.    Plaintiff Paul Wright asserts claims for:

      i.    race discrimination (including termination on the basis of race, creation of a hostile working environment and retaliation after Plaintiff opposed race discrimination) in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act and Oklahoma's Anti-Discrimination Act; and

      ii.    retaliation based on his association with a disabled person, in violation of the Americans with Disabilities Act and Oklahoma's Anit-Discrimination Act.

4.    This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331. The state claims involve the same core of facts operative such that the Court has jurisdiction over the state claims under 28 U.S.C. § 1367.

5.    Pittsburg County is a county within the United States District Court for the Eastern District of Oklahoma such that venue is proper in this Court.

## STATEMENT OF FACTS

6.    The Defendant employed at least fifteen (15) employees during at least twenty or more weeks of the current or proceeding calendar year and is an employer under Title VII. There is no minimum employee requirement to be an employer under the OADA or 42 U.S.C. § 1981.

---

[1] Plaintiff Harold Taft Wright is in the process of exhausting his administrative remedies with the EEOC. He intends to amend this Complaint to supplement with claims for violation of Title VII of the Civil Rights Act, Oklahoma's Anti-Discrimination Act, and the Americans with Disabilities Act.

2

7. Plaintiffs were employees of the Defendant until they were involuntarily terminated around February 4, 2022.

8. Plaintiff Harold Taft Wright held the job title of Measurement Technician.

9. Plaintiff Paul Wright held the job title of Facility Operator.

10. It was widely know through the Defendant company that the Plaintiffs were brothers.

11. Both plaintiffs are Native American.

12. During Plaintiffs' employment the General Manager, Scott Hodges (Caucasian), routinely used racial slurs including referring to Native Americans and "wagon burners". Mr. Hodges referred to Plaintiff Harold Taft Wright has his (Hodges's) "Indian Expert". Mr. Hodges referred to Native Americans by these names rather than using each person's own name.

13. The conduct described in Para. 11, above, was objectively offensive and offensive to the Plaintiffs.

14. Both Plaintiff's opposed Mr. Hodges's racial discrimination including by reporting such discrimination to Human Resources and others in the latter part of January 2022.

15. Plaintiff Harrold Taft Wright suffers from medical impairments including high blood pressure, digestive and other medical issues which, without the ameliorative effect of mitigating measures, substantially limits one or more major life activities (including major bodily functions) such as heart, circulatory and digestive functions. Such conditions were exacerbated by Plaintiff being diagnosed with COVID-19 around January 2022.

16. Plaintiff Harrold Taft Wright sought the reasonable accommodations of taking off work for care and treatment of his medical conditions, including in January 2022.

17. Defendant involuntarily terminated both Plaintiffs around February 4, 2022.

18. As a direct result of the Defendant's conduct, the Plaintiffs have suffered, and continue to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress such as worry, frustration, stress and similar unpleasant emotions.

19. Plaintiff Paul Wright has exhausted his administrative remedies by timely filing an EEOC charge of discrimination on February 25, 2022. The EEOC issued Plaintiff Paul Wright his right to sue letter on August 25, 2022 and he received such letter thereafter. This complaint is timely filed within ninety (90) days of Plaintiff Paul Wright's receipt of his right to sue letter.

20. Plaintiffs are not required to exhaust administrative remedies prior to filing a claim under 42 U.S.C. § 1981.

21. Plaintiff Harold Taft Wright filed an EEOC charge of discrimination on February 25, 2022. The EEOC has not yet issued Plaintiff his right to sue letter. Upon receipt of such letter, Plaintiff Harold Taft Wright intends to amend and supplement this complaint to assert claims under Title VII, the Americans with Disabilities Act and Oklahoma's Anti-Discrimination Act.

22. All allegations discussing Plaintiff Harold Taft Wright's medical conditions or requests for accommodation are made (at this time) only for the purpose of supporting the claim of disability discrimination based on association made by Plaintiff Paul Wright.

## COUNT I

Plaintiffs incorporate the above paragraphs and further allege:

23. This Count is asserted by both Plaintiffs.

24. Race discrimination, including creation of a hostile working environment and retaliation for opposing race discrimination, violates 42 U.S.C. § 1981.

25. Under this Count the Plaintiffs are entitled to their wage loss (including back, present and front pay) along with emotional distress/compensatory damages, injunctive and declaratory relief, and attorney fees and costs.

26. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiffs' federally-protected rights, they are entitled to awards of punitive damages.

## COUNT II

Plaintiffs incorporate the above paragraphs and further allege:

27. This Count applies only to Plaintiff Paul Wright.

28. Race discrimination, including creation of a hostile working environment and retaliation for opposing race discrimination, violates Title VII of the Civil Rights Act.

29. Under this Count the Plaintiff Paul Wright is entitled to his wage loss (including back, present and front pay) along with emotional distress/compensatory damages, injunctive and declaratory relief, and attorney fees and costs.

30. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's federally-protected rights, he is entitled to an award of punitive damages.

## COUNT III

Plaintiffs incorporate the above paragraphs and further allege:

31. This Count applies only to Plaintiff Paul Wright.

32. Discrimination against an employee for the employee's association with someone who is disabled violates the Americans with Disabilities Act.

33. Under this Count the Plaintiff Paul Wright is entitled to his wage loss (including back, present and front pay) along with emotional distress/compensatory damages, injunctive and declaratory relief, and attorney fees and costs.

34. Because Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's federally-protected rights, he is entitled to an award of punitive damages.

## COUNT III

Plaintiffs incorporate the above paragraphs and further allege:

35. This Count applies only to Plaintiff Paul Wright.

36. Discrimination against an employee on the basis of race, creation of a racially hostile working environment, retaliation against an employee for opposing race discrimination, and discriminating against an employee because of his association with someone who is disabled, all violate the Oklahoma Anti-Discrimination Act.

37. Under this Title the Plaintiff is entitled to an award of wage and benefit loss along with liquidated damages of an equal amount, to declaratory and injunctive relief, and to attorney fees and costs.

## PRAYER

The Plaintiffs request this Court award all relief, including equitable and monetary relief, available under the law, including but not limited to, a declaration that Defendant

violated federal and/or state law, wage and benefit loss, compensatory damages, punitive damages, liquidated damages, attorney fees and costs, reinstatement, along with all other relief allowed.

**RESPECTFULLY SUBMITTED THIS \_\_\_\_ DAY OF NOVEMBER 2022.**

s/Amber L. Hurst
Amber L. Hurst, OBA No. 21231
HAMMONS, HURST & ASSOC.
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
